UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE HAYWOOD,

        Plaintiff,

-against-

THE COUNTY OF WESTCHESTER, JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4,

        Defendants.

1:19-CV-5621 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in the Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983.[1] He sues the County of Westchester and four unidentified individuals, including a White Plains police officer and an "ADT representative." By order dated January 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] For the reasons set forth below, the Court dismisses this action without prejudice.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Plaintiff's complaint includes unredacted references to another person's date of birth and Social Security number. In an abundance of caution, the Court has directed the Clerk of Court to limit electronic access to Plaintiff's complaint to a "case participant-only" basis. *See* Fed. R. Civ. P. 5.2(a)(1), (2) (requiring a Court submission's references to a person's date of birth and Social Security number to be limited to the person's birth year and to the last four digits of the Social Security number).

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

**A.** *Haywood v. Kellerher*, **1:10-CV-3856 ("*Haywood I*")**

In 2010, Plaintiff filed a *pro se* action in this Court under 42 U.S.C. § 1983 (*Haywood I*). Plaintiff's claims in that action were associated with his 2009 state-court conviction of rape in the first degree and other offenses – a conviction that resulted in his being sentenced to a total prison term of approximately 20 years. *Haywood I*, ECF 10-CV-3856, 5 (S.D.N.Y. Sept. 20, 2010). Plaintiff sued individuals who testified during his criminal proceedings and others. On September 20, 2010, District Judge Loretta A. Preska of this Court dismissed *Haywood I* because Plaintiff failed to state a claim on which relief may be granted, and because he asserted claims for monetary damages against defendants who are immune from such relief. *Id.* (dismissing action under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)).

**B.** *Haywood v. Griffin*, **7:16-CV-3870 ("*Haywood II*")**

In 2016, Plaintiff filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 (*Haywood II*). In that *habeas corpus* action, he challenged his conviction in the County Court, Westchester County, of many offenses, including rape in the first degree; a jury found him guilty on October 20, 2008, and the trial court sentenced him on April 30, 2009. *Haywood II*, ECF 7:16-CV-3870, 116 (S.D.N.Y. Dec. 27, 2019) (report & recommendation). On December 27, 2019, Magistrate Judge Judith C. McCarthy of this Court issued a report and recommendation in which she recommended that District Judge Kenneth M. Karas of this Court deny Plaintiff's § 2254 *habeas corpus* petition in its entirety. *Id.* On January 17, 2020, Judge Karas adopted the report and recommendation. *Haywood II*, ECF 7:16-CV-3870, 118 (S.D.N.Y. Jan. 17, 2020).

C. **The present complaint**

Plaintiff, in his present complaint, asserts that "Mt. Vernon Detectives and [the] Westchester County District Attorney[']s office conspired with" others who manufactured evidence "for the sole purpose of falsely convicting the plaintiff." (ECF 2, at 4.) He alleges that during his criminal proceedings, the trial court illegally accepted altered video footage into evidence and the prosecution suppressed a police report. He also alleges that after he was convicted, the prosecution prevented him from appealing certain issues by removing portions of the trial record.

The conviction Plaintiff refers to in the present complaint appears be the one he referred to in *Haywood I*, and that he challenged in *Haywood II*. In the present action, Plaintiff seeks as relief an unspecified "injunction, hearing, and/or any other relief that the court deems just and proper." (*Id.* at 3.)

## DISCUSSION

A. *Habeas corpus* **relief**

The Court construes Plaintiff's complaint as seeking relief from his Westchester County conviction and sentence. The proper federal vehicle for that relief, however, is not action brought under 42 U.S.C. § 1983, but rather a petition for a writ of *habeas corpus*. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When a state prisoner is in custody under a state-court judgment, he can challenge his conviction and sentence in a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002).

Plaintiff seeks relief in this § 1983 action that is properly sought in a § 2254 *habeas corpus* petition. The United States Court of Appeals for the Second Circuit has, however, cautioned against construing a mislabeled submission as a § 2254 petition in light of the "second

or successive" provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b)(3)(A); district courts must normally give a *pro se* litigant notice and an opportunity to withdraw his submission before a court recharacterizes it as a § 2254 petition. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). But that is unnecessary here for two reasons. First, in *Haywood II*, Plaintiff sought § 2254 *habeas corpus* relief from his Westchester County conviction. And second, even if the present complaint were a § 2254 petition, Plaintiff has not alleged any facts showing that he has fulfilled the necessary requirement of exhausting his available state-court remedies before filing the present pleading. *See* § 2554(b)(1)(A) (a petitioner must exhaust available state-court remedies before seeking § 2254 *habeas corpus* relief); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to exhaust available state-court remedies does not trigger the AEDPA's restrictions on second or successive *habeas corpus* petitions).

Accordingly, the Court dismisses this action without prejudice.

**B.    Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action without prejudice.

Because Plaintiff's complaint makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 24, 2020
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge